## EMILY LEW *vs.* CITY OF LOWELL.

If the defendant in an action of contract which was brought originally in a police court has filed there a written plea amounting to the general issue, he may, upon the trial of the case in the superior court, on appeal, give in evidence any matter of defence which would have been admissible under his pleadings in the police court, if no order has been passed for him to plead anew in the superior court.

CONTRACT brought originally in the police court of Lowell, to recover for the support of a pauper.

At the trial in the superior court, before *Wilkinson*, J., on appeal, the defendants offered to show that the plaintiff was a married woman, but the evidence was excluded, because no such ground of defence had been set up by plea or answer. The case was tried upon a written plea filed by the defendants in the police court, the substance of which is stated in the opinion ; and no order was passed for them to plead anew in the superior court.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*A. R. Brown*, for the defendants.

*C. M. Williams*, for the plaintiff.

Bigelow, C. J.   There can be no doubt that the fact that the plaintiff was a *feme covert*, at the time the services were rendered and supplies furnished, the value of which she now seeks to recover, is a good defence to this action.   The rule of law is, that when a wife sues, having no legal interest in the cause of action, the defence is one of substance, and available either under the general issue or by plea in bar.   When there is no express promise to the wife, and the cause of action depends solely on a promise implied by law, that must be to the husband, who is entitled to the fruits of the wife's labor; and he may maintain a *quantum meruit* therefor.   1 Saund. Pl. & Ev. (2d ed.) 7.   1 Chit. Pl. (6th Amer. ed.) 483, 484, 512.   Lawes Pl. 542.   *Buckley* v. *Collier*, 1 Salk. 114.

The question then is, whether the defendants were rightly excluded from this ground of defence to the action by the state of the pleadings.   This depends on the provisions of the statutes relating to pleadings in actions originally commenced before a police court or justice of the peace.   Such actions are expressly excluded by Gen. Sts. *c.* 129, § 85, from the provisions of the same chapter §§ 13–20, requiring answers to be filed in personal actions, and abolishing the general issue, and providing that matters alleged in the declaration and not denied in the answer shall be deemed to be admitted, and that all substantive grounds of defence shall be alleged in the answer.   In *c.* 120, regulating proceedings in civil actions before justices of the peace, which by *c.* 116, § 11, are substantially the same in cases tried before police courts, it is provided in § 16, that the pleadings may be in writing as heretofore used, or the defendant may orally deny the plaintiff's right to maintain his action ; and upon the issue so joined, " any matters may be given in evidence by either party which would have been admissible if the defence had been made under any plea in bar."   In the case at bar, the defendants filed before the police court pleadings in writing, which contained in substance the general issue, in the form of a general traverse of all the allegations in the plaintiff's declaration and a denial that they owed to the plaintiff the sum claimed by

Lew *v.* City of Lowell.

her, or any part thereof, together with sundry specific denials and allegations in answer to the plaintiff's declaration. In this state of the pleadings, there can be no doubt that evidence of the coverture of the plaintiff would have been competent at the trial before the police court, and, if proved, a bar to the action; such defence, as will appear by reference to the authorities above cited, being admissible under the general issue. Was it not also competent and admissible at the trial before the superior court? Clearly so, we think. By Gen. Sts. *c.* 120, § 28, it is expressly enacted that " any case so appealed may be tried at the court appealed to on the issue joined before the justices, or the court may order the defendant to plead in the usual manner, and the case shall then be tried upon such issue as shall be joined therein." As no order was passed in the present case, requiring the defendants to plead anew in the superior court, it is plain that the defendants under this provision had a right to insist that the trial should be had on the pleadings as they stood in the court below. The general issue was therefore a valid plea to the action, and all matters of defence under it which would have been admissible at common law were open to the defendants at the trial in the appellate court. It was suggested that the provision of the statute last cited is controlled by a previous clause in § 25 of the same chapter, which enacts that a case when appealed shall be tried and determined in the court appealed to in like manner as if it had been originally commenced there. But such an interpretation of these provisions would not only render them contradictory of each other, but it would pervert the clause last cited from its true object. It was not designed in any way to regulate the pleadings in the appellate court, but only to provide that the rights of the parties should be determined irrespective of any judgment or determination of the case in the court below. *Ball* v. *Burke,* 8 Cush. 82. This is made manifest by reference to *St.* 1783, *c.* 42, § 6, from which the clause was taken into the Revised Statutes, and thence incorporated into the General Statutes. As originally enacted, it was thus: " Both parties shall be allowed to offer any evidence upon the trial at the common pleas, in the same

manner as if the cause had been originally commenced there." In changing the phraseology, no change was contemplated in the substance of the enactment, as will appear by reference to the report of the commissioners on the Revised Statutes in their notes to *c.* 85.

It was also urged that the defendants ought to have filed a written answer, in conformity to the provisions of the practice act, under the fortieth rule of the superior court, and that, not having done so, evidence of the plaintiff's coverture was inadmissible, because no such ground of defence was averred in the answer. But that rule is confined in terms to cases where no written answer has been filed in the court below, and does not include a case like the present, where written pleadings were filed in the police court. Inasmuch, therefore, as the provisions of the practice act were not applicable to the case at bar, so that coverture though not alleged in the pleadings was in issue as a ground of defence, and as the general issue was a good plea to the action in the police court under which coverture was admissible in evidence, and as no order to plead anew in the superior court was passed, it follows, that the evidence offered by the defendants to show that the plaintiff was a married woman was competent, and should have been admitted.

*Exceptions sustained.*